TEXTO COMPLETO DE LA SENTENCIA
I
Vega Baja Partners, Inc. (en adelante, “Vega Baja Partners”) nos solicita, mediante escrito titulado *1054 Solicitud de Certiorari, que revoquemos una Orden emitida el 12 de septiembre de 2005, notificada el 16 de ese mes y año, por el Tribunal de Primera Instancia, Sala de Bayamón, Hon. Misael Ramos Torres, Juez, en el caso Uriel García Rivera v. Desarrolladores del Norte, Inc., et. al, Civil Número DPE2005-0574, sobre: entredicho provisional, solicitud de cumplimiento específico de contrato de opción de compra y daños y perjuicios. Mediante el dictamen que se recurre, instancia declaró Ha Lugar una Moción Solicitando Aseguramiento de Sentencia presentada por Uriel García Rivera (el “recurrido"). En consecuencia, emitió Orden de Embargo sobre la propiedad descrita en el Contrato de Opción de Compra a que se contrae la referida demanda, a los fines de asegurar la efectividad de la sentencia que en su día pudiera recaer; ordenando al Registrador de la Propiedad anotar el embargo sobre la propiedad en controversia, eximiendo al recurrido de prestar fianza por surgir que el contrato de opción, documento privado, fue firmado ante una persona autorizada a administrar juramento y que la obligación es legalmente exigible.
Inconforme, el 25 de septiembre de 2006, Vega Baja Partners presentó Solicitud para que se Deje sin Efecto Embargo. Por su parte, instancia por voz del Hon. Ángel R. Pagán Ocasio, Juez, le ordenó al recurrido exponer su posición en tomo a lo solicitado, quien conforme a lo ordenado, el 16 de noviembre de 2006, presentó su oposición. Así las cosas, el 19 de diciembre de 2006, notificada el 29 de ese mes y año, instancia declaró No Ha Lugar la solicitud de Vega Baja Partners encaminada a que se dejara sin efecto el embargo preventivo.
Recibido el recurso, mediante Resolución del 9 de febrero de 2007, concedimos al recurrido un término de diez (10) días, a partir de la notificación, para mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la orden recurrida del 12 de septiembre de 2006. Oportunamente, el 22 de febrero de 2007, el recurrido presentó una Moción en Cumplimiento de Orden y en Oposición a Expedición de Auto de Certiorari. Con el beneficio de las comparecencias, del derecho y la jurispmdencia aplicable, procedemos a resolver la controversia ante nuestra consideración, no sin antes hacer un resumen fáctico de lo acontecido ante instancia.
II
El 1 de julio de 2005, el recurrido presentó ante el TPI Demanda sobre entredicho provisional, solicitud de cumplimiento específico de contrato de opción de compra y daños y perjuicios en contra de Desarrolladores del Norte (“Desarrolladores”), su Presidente, el señor Jaime Rodríguez Solís y Eduardo J. Chevres Martínez, su Tesorero y Sub-Secretario. El recurrido alegó, en lo pertinente:

“1. Que Desarrolladores emitió una Resolución Corporativa el 10 de noviembre de 2004, mediante la cual, sus incorporadores y socios aprobaron por unanimidad autorizar al señor Jaime Rodríguez Solís, Presidente de Desarrolladores, a llevar a cabo las preparaciones encaminadas a la venta de un inmueble perteneciente a la corporación.

2. Que conforme a la referida Resolución Corporativa se autorizó al señor Rodríguez Solís a contratar aquellos servicios profesionales necesarios para materializar la venta del inmueble, quien contrató los servicios profesionales del señor Raúl Caballero Hernández, corredor de bienes raíces.

3. Que el recurrido hizo una oferta para adquirir la propiedad. A esos fines, dirigió una comunicación al corredor de bienes raíces contratado por el señor Rodríguez Solís. Posteriormente, el señor Rodríguez Solís notificó por escrito al recurrido su aceptación de la oferta para adquirir la propiedad de Desarrolladores.

4. Que el señor Rodríguez Solís, en representación de Desarrolladores, suscribió un Contrato de Opción de Compra con el recurrido ante el Ledo. José Joaquín Rosa Crespo, el 27 de mayo de 2005, y éste entregó $45,000 en cheque certificado en concepto de opción. En la firma del documento estuvieron presentes, además del recurrido, el propietario, el licenciado Rosa Crespo, un representante del Banco Santander, quienes aprobaron al recurrido un préstamo hipotecario por $855,000, para cubrir el total de la opción.

*1055 5. Que el día pactado para la compraventa del inmueble, 30 de junio de 2005, el señor Rodríguez Solís cursó una comunicación al corredor de bienes raíces, señor Caballero Hernández, informándole que por problemas corporativos la compraventa pactada para ese día, no se podía llevar a cabo. Le instruyó devolverle al recurrido la opción de $45,000.

6. Solicitó se declarare Con Lugar la demanda y se ordenare, a los demandados cumplir con lo acordado en el Contrato de Opción de Compra, o en la alternativa, pagarle $2,500,000, por el incumplimiento de contrato y los daños ocasionados, más costas, honorarios e intereses legales sobre la sentencia. ”

Posteriormente, el 5 de agosto de 2005, el recurrido enmendó su demanda para incluir a las esposas de los demandados y la sociedad legal de gananciales compuestas por éstos; de igual manera incluyó el resto de los accionistas, sus esposas y sociedades legales gananciales compuestas por ellos. Alegó que la enmienda obedeció a que “el 3 de agosto de 2005, se enteró que la organización corporativa de la Corporación Desarrolladores del Norte, Inc. fue cancelada el 11 de diciembre de 2002”. Expresó que ello significaba que quedó revocado su certificado de incorporación y por consiguiente, sin personalidad jurídica. Ese mismo día, el recurrido presentó una Moción Solicitando Aseguramiento de Sentencia. Solicitó se emitiera Orden de Embargo sobre la propiedad objeto del Contrato de Opción de Compra, para asegurar la efectividad de la sentencia, conforme a las disposiciones de la Regla 56.3 de Procedimiento Civil.
El 8 de septiembre de 2005, a sólo cuatro (4) días de la vista para dilucidar la solicitud de aseguramiento de sentencia presentada por el recurrido, Vega Baja Partners presentó en el Registro de la Propiedad de Bayamón, al Asiento 295 del Diario 244, la Escritura Número 48 sobre Compraventa otorgada en San Juan, Puerto Rico el 30 de junio de 2005, ante el Notario Público José Francisco Chávez Caraballo, mediante la cual adquirió de Desarrolladores, la propiedad objeto de la controversia.
Así las cosas, el 12 de septiembre de 2005, Eduardo J. Chevres Martínez, en su carácter de director u oficial corporativo de Desarrolladores, presentó su Contestación a Demanda, negando y aceptando alegaciones y presentó ciertas defensas afirmativas. Ese mismo día, 12 de septiembre de 2005, se celebró una vista ante instancia, compareciendo el recurrido, Desarrolladores, el Dr. Jaime Rodríguez Solís y Eduardo J. Chevres Martínez, asistidos de sus respectivos representantes legales, para discutir el estado del caso y la solicitud de embargo presentada por el recurrido. Durante la vista el recurrido, le dejó saber a instancia, que se le había informado que ya Desarrolladores no era dueña de la propiedad objeto de la demanda, lo que fue confirmado por el representante legal de éstos, licenciado Frank Gotay Barquet, porque en efecto habían vendido la propiedad en una fecha anterior a la presentación de la demanda y que su nuevo dueño era una corporación llamada, Vega Baja Partners, Inc. 
Luego de escuchadas las alegaciones del licenciado Gotay Barquet, instancia le concedió a éste, diez (10) días para proveer el contrato de compraventa de la propiedad. No obstante, ese mismo día, 12 de septiembre de 2005, instancia emitió una Orden de Embargo al Registrador de la Propiedad de Bayamón, instruyéndolo anotar en el registro, el embargo de la propiedad objeto del Contrato de Opción a Compra, suscrito el 27 de mayo de 2005, ante una persona autorizada para administrar juramento, procediendo a eximir al recurrido de la prestación de fianza. 
Así pues, el 17 de octubre de 2005, es decir, alrededor de cinco (5) semanas luego de que Vega Baja Partners presentara su Escritura de Compraventa mediante la cual adquirió la propiedad objeto de la compraventa, se presentó en el Registro de la Propiedad de Bayamón al Asiento 49 del Diario 245, la Orden de Embargo emitida por instancia el 12 de septiembre de 2005, ordenando al Registrador de la Propiedad, anotar el embargo sobre la referida propiedad.
El 10 de enero de 2006, el recurrido presentó una Segunda Demanda Enmendada de Entredicho *1056 Provisional y Solicitud de Cumplimiento Específico de Contrato de Opción a Compra, Nulidad de Contrato en Daño de Tercero; Daños y Perjuicios. Mediante la referida demanda se incluyó a Vega Baja Partners como co-demandada y se añadió una causa de acción por contrato en daño de tercero. Alegó, que Desarrolladores no sólo incumplió con el contrato de opción de compra, sino que vendió la propiedad a Vega Baja Partners el mismo día en que debió habérsela vendido. Por su parte, el 17 de agosto de 2006, Vega Baja presentó su contestación a la demanda.
Posteriormente, el 27 de septiembre de 2006, Vega Baja Partners presentó una Solicitud Para Que Se Deje Sin Efecto Embargo, alegando que la concesión del embargo como remedio provisional se llevó a cabo de manera ex parte, ya que no se les notificó ni se les concedió una vista para plantear sus defensas. Expresó que al eximirse al recurrido de la prestación de una fianza suficiente para responder por todos los daños y perjuicios que pudiesen causarse como consecuencia del aseguramiento, se les había violado su derecho a un debido proceso de ley. Luego de que el recurrido se opusiera a la misma, mediante Oposición del Demandante a Solicitud de Vega Baja Partners Para Que Se Deje Sin Efecto Embargo Preventivo, presentada el 16 de noviembre de 2006, instancia, como hemos informado, declaró No Ha Lugar la solicitud de Vega Baja Partners de que se dejare sin efecto el embargo ordenado el 12 de septiembre de 2005, mediante Orden del 19 de diciembre de 2006.
Inconforme con la Orden del 19 de diciembre de 2006, Vega Baja Partners recurrió ante este foro, mediante Solicitud de Certiorari solicitando la revocación del dictamen, alegando que instancia erró:
“A. Al ordenar la anotación de embargo preventivo previo a que la peticionaria fuese traída al pleito, en efecto restringiendo su derecho a llevar a cabo transacciones con sus bienes sin notificarle y sin darle oportunidad alguna de ser oída, en violación al debido proceso de ley garantizado por la Quinta y Decimocuarta Enmienda de la Constitución de los Estados Unidos, y por la Sección 7 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, y lo resuelto por el Tribunal Supremo de los Estados Unidos en Connecticut v. Doehr, 501 U.S. 1 (1991), y por el Tribunal Supremo de Puerto Rico en Rivera Rodríguez & Co. v. Stowell Taylor, 133 D.P.R. 81 (1993), y en Ramos de Szendrey v. Colón Figueroa, 153 D.P. R. 534 (2001), y

B. al conceder el embargo preventivo sin requerirle al recurrido que prestara fianza, en violación a lo dispuesto por la Regla 56 de Procedimiento Civil. ”

III
Antes de evaluar si el embargo fue ordenado cumpliendo con lo requerido por la ley y la jurisprudencia, y por ser el embargo un remedio que afecta un interés propietario, no podemos pasar por alto que la Sección 7 del Articulo II de la Constitución de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley.
El debido proceso de ley se manifiesta en dos vertientes distintas: sustantiva y procesal. Conforme al debido proceso de ley sustantivo se examina la validez de una ley o reglamento, con el propósito de proteger los derechos fundamentales de los individuos. "Por otro lado, en el debido proceso de ley procesal se le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo." Rivera Rodríguez & Co. v. Lee Stowell, et al, 133 D.P.R. 881, 887 (1993).
Es con el propósito de proteger el interés propietario de los ciudadanos que nuestro estado de derecho provee unos requisitos indispensables que deben ser cumplidos tanto por la parte que solicita el remedio provisional como por el tribunal que lo concede. La norma general es que antes de que el tribunal conceda un *1057 remedio provisional, como el de embargo, se deberá notificar a la parte adversa, se celebrará una vista y el solicitante debe prestar una fianza suficiente para responder por todos los daños y perjuicios que pudiesen causarse por razón del aseguramiento. 32 L.P.R.A. Ap. III, R. 56.2 y 56.3; Ramos y otros v. Colón y otros, 153 D.P.R. 535, 542 (2001) citando a Rivera Rodríguez & Co, 133 D.P.R., a la pág. 896.
Los remedios provisionales que un tribunal puede conceder a una parte, como medida necesaria para asegurar la efectividad de una sentencia, están contenidos en la Regla 56.1 de nuestras Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 56.1. Esta regla provee para que el tribunal pueda conceder, además de cualquier medida que estime apropiada, el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura o una orden para hacer o desistir de hacer cualesquiera actos específicos, tomando en consideración los intereses de todas las partes y según lo requiera la justicia sustancial. 32 L.P.R.A. Ap. III, R. 56.1.
Por otra parte, la Regla 56.3, referente a la fianza que debe prestarse al concederse un remedio provisional, establece que:

“Se podrá conceder un remedio provisional sin la prestación de fianza en cualquiera de los siguientes casos:

(1) Si apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible; o

(2) Cuando se tratare de un litigante insolvente que estuviere expresamente exceptuado por ley para el pago de aranceles y derechos de radicación y a juicio del tribunal la demanda adujere hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo fuere evidente o pudiere demostrarse, y hubiere motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional, la sentencia que pudiera obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla; o

(3) Si se gestionare el remedio después de la sentencia. ” 32 L.P.R.A. Ap. Ill, R. 56.3.
Como podemos apreciar existen tres (3) supuestos bajo los cuales se puede eximir de la prestación de la fianza. A pesar de que esta regla permite que se deje sin efecto la prestación de la fianza, una de las salvaguardas del derecho propietario constitucionalmente protegido de la parte adversa, podemos notar que se mantienen los requisitos de notificación y celebración de vista. De esta manera se mantienen en vigor algunas de las salvaguardas para proteger a la parte afectada por una solicitud de embargo.
Por su parte, la Regla 56.4 establece:
“Si se hubiere cumplido con los requisitos de la Regla 56.3, el tribunal deberá expedir, a moción ex parte de un reclamante, una orden de embargo o de prohibición de enajenar. ” 32 L.P.R.A. Ap. Ill, R. 56.4.
Nuestro Tribunal Supremo, analizando la constitucionalidad de la Regla 56.4, determinó lo siguiente: *1058 o demostrado la existencia de circunstancias extraordinarias; 3) o cuando se ha alegado o demostrado la probabilidad de prevalecer mediante "prueba documental fehaciente" de la cual se desprenda que la deuda es una líquida, vencida y exigible. Rivera Rodríguez & Co., 133 D.P.R., a las págs. 899-900. ” Ramos y otros, 153 D.P.R., a la pág. 542.
*1057 “Ahora bien, hemos reconocido, como excepción a esa regla, que es permisible que un tribunal expida una orden de embargo ex parte -esto es, sin notificación a la parte adversa y vista previa — , siempre que el reclamante preste una fianza suficiente para responder por todos los daños y perjuicios que se puedan causar como consecuencia del aseguramiento. Rivera Rodríguez & Co., 133 D.P.R., a la pág. 897. No obstante, la aplicación de esta excepción sólo tendrá lugar bajo tres supuestos: 1) cuando el reclamante ha alegado o demostrado tener un previo interés propietario sobre la cosa embargada; 2) cuando se han alegado
*1058 Como podemos apreciar, la Regla 56.4 provee para que se emitan órdenes de embargo de manera ex-parte, es decir, eximiendo al peticionario de la notificación y la celebración de una vista. Pero esto no implica que la parte afectada quede desprovista de toda protección, ya que en este supuesto se mantendría en vigor el requisito de prestar una fianza suficiente. En consecuencia, si la solicitud de embargo se notifica a la parte a quien se le va a embargar la propiedad y se le concede una vista, instancia podrá eximir al peticionario de prestar fianza si cumple con los requisitos de la Regla 56.3. Por otra parte, se podrá eximir de la notificación y de la vista si el peticionario cumple con los requisitos de la Regla 56.3 y presta una fianza suficiente. En conclusión, en el evento de que se cumpla con uno de los requisitos contenidos en la Regla 56.3, se podrá eximir a la parte peticionaria de cumplir con la notificación y celebración de vista o de cumplir con la prestación de la fianza, pero nunca se podrá eximir de los tres requisitos a la vez.
Expuesto lo anterior y analizado los requisitos y la jurisprudencia aplicable a situaciones donde se solicita el remedio provisional de embargo, pasamos a aplicar los mismos al caso de autos. Para poder dirimir la controversia es necesario que determinemos si en efecto se llevó a cabo una anotación de embargo de manera ex parte, como alega Vega Baja Partners. Analizamos pues las circunstancias bajo las cuales se otorgó la anotación del embargo.
Durante la vista efectuada el 12 de septiembre de 2005, instancia estuvo en posición de determinar, con la participación del recurrido y de Desarrolladores, si concedía la anotación de embargo solicitada por el recurrido, o si por el contrario, la denegaba con la oposición de Desarrolladores quien alegadamente ya no era dueño de la propiedad en controversia. Luego de escuchadas las partes, instancia concedió la solicitud de embargo. La anotación del embargo fue concedida al recurrido en contra de la propiedad de Desarrolladores sin imponer el pago de fianza por entender que su derecho emanaba de un documento privado firmado ante una persona autorizada para administrar juramento que lo eximia de la misma, el Contrato de Opción de Compra suscrito el 27 de mayo de 2005.
A todas luces, la concesión del embargo aparentaba cumplir con los requisitos de ley, a saber, Desarrolladores fue notificado, se le concedió una vista y el derecho del recurrido emanaba de un documento privado firmado ante notario. No obstante, hay un problema y es el que durante el proceso de la vista para dilucidar la solicitud de embargo, el recurrido le dejó saber a instancia que Desarrolladores alegaba haber vendido la propiedad antes de iniciarse el pleito. Así se lo confirmó Desarrolladores durante la vista, quien incluso le dejó saber a instancia, que el bien había sido comprado por Vega Baja Partners, revelando así la identidad del comprador. Con esta nueva información, instancia no debió conceder el embargo, ya que de ser cierta la alegación de Desarrolladores, el embargo afectaría un derecho propietario de una parte que no había sido notificada, y sobre quien instancia no tenía jurisdicción, pues aún no había sido incluida como parte en el pleito, ni se le había otorgado oportunidad de expresarse, o sea de manera ex parte, lo que en efecto sucedió. En este supuesto, era necesaria la imposición de una fianza suficiente.
Más todavía, el error cometido por instancia es aún mayor, ya que Vega Baja Partners no fue traída al litigio hasta el 10 de enero de 2006, cuatro (4) meses luego de la vista, por lo que no era tan siquiera parte en el pleito. De esta manera, se impuso un remedio provisional de aseguramiento de sentencia contra una parte contra la cual instancia no había adquirido jurisdicción y contra quien no se podía dictar sentencia, violándosele su derecho a un debido proceso de ley. Por último, y no menos importante, la Orden de Embargo sobre la propiedad perteneciente a Desarrolladores fue emitida el 12 de septiembre de 2005, y presentada al Registro de la Propiedad de Bayamón, el 17 de octubre de 2005. Nótese, como hemos informado, que Vega Baja Partners *1059 presentó en el Registro de la Propiedad de Bayamón, su Escritura de Compraventa mediante la cual adquirió de Desarrolladores la propiedad objeto de la controversia el 8 de septiembre de 2005. Es decir, cuando se presenta la Orden de Embargo al Registro de la Propiedad el 17 de octubre de 2005, con anterioridad, el 8 de septiembre de 2005, se había presentado en dicho registro la Escritura de Compraventa mediante la cual Vega Baja Partners adquirió la propiedad en controversia de Desarrolladores.
En consecuencia, un remedio provisional como el del embargo, no puede concederse en contra de la parte adversa, si, en ausencia de las excepciones contenidas en las Reglas 56.3 y 56.4 de Procedimiento Civil, no se cumple con los requisitos de notificación a la parte adversa; no se le concede vista para presentar sus defensas; y no se presta una fianza suficiente para responder por los daños y perjuicios que el embargo pudiese causar. Habiéndose ordenado un embargo de una propiedad perteneciente a una persona jurídica que no era parte en el pleito, es forzoso concluir que debemos revocar la orden de embargo emitida por instancia.
En mérito de lo expuesto, expedimos el auto solicitado y revocamos la Orden de anotación de embargo emitida el 12 de septiembre de 2005, por el Tribunal de Primera Instancia, Sala de Bayamón.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2007 DTA 49
1. Se desprende de los autos que la Corporación Vega Baja Partners, Inc. se incorporó el 20 de junio de 2005.
2. Véase, Minuta de la vista celebrada el 12 de septiembre de 2005.